**Slip Op. 02-47**

# United States Court of International Trade

|  |  |
|---|---|
| SAN FRANCISCO CANDLE COMPANY, INC., | |
| Plaintiff, | |
| v. | Before: Pogue, Judge |
| UNITED STATES, | Court No. 01-00088 |
| Defendant, | |
| and | |
| NATIONAL CANDLE ASSOCIATION, | |
| Defendant-Intervenor. | |

[Plaintiff's motion for judgment on the agency record denied. Remanded to the Department of Commerce for further proceedings consistent with this opinion.]

Decided: May 30, 2002

Sandler, Travis, & Rosenberg, P.A. (Philip S. Gallas, Gregory S. Menegaz) for Plaintiff.

Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Reginald T. Blades, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, John F. Koeppen, Of Counsel, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

Barnes & Thornburg (Randolph J. Stayin, Karen A. McGee) for Defendant-Intervenor.

## OPINION

**Pogue, Judge**: Plaintiff San Francisco Candle Company ("SFCC") moves

for judgment upon the agency record pursuant to USCIT Rule 56.2,

challenging a determination by the U.S. Department of Commerce ("Commerce") that certain candles are within the scope of an antidumping duty order.  This Court has jurisdiction under 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(B)(vi) (2000).


## Background

In August 1986, Commerce issued an antidumping duty order covering "[c]ertain scented or unscented petroleum wax candles made from petroleum wax and having fiber or paper-cored wicks . . . sold in the following shapes: tapers, spirals, and straight-sided dinner candles; rounds, columns, pillars, votives; and various wax-filled containers."  Antidumping Duty Order: Petroleum Wax Candles from the People's Republic of China, 51 Fed. Reg. 30,686, 30,686 (Dep't Commerce 1986) ("Candles Order" or "Order").  A subsequent notice indicated that certain novelty candles would be excluded from the Order's scope:

> The Department of Commerce has determined that certain novelty candles, such as Christmas novelty candles, are not within the scope of the antidumping order on petroleum wax candles from the People's Republic of China (PRC).  Christmas novelty candles are specially designed for use only in connection with the Christmas holiday season.  This use is clearly indicated by Christmas scenes or symbols depicted in the candle design.  Other novelty candles not within the scope of the order include candles having scenes or symbols of other occasions (e.g., religious holidays or special events) depicted in their designs, figurine candles, and candles shaped in the form of identifiable objects (e.g., animals or numerals).

Dep't of Commerce, Scope Clarification Notice, Petroleum-Wax

Candles from the People's Republic of China - Case Number A-570-504, Pl.'s Ex. 4 at 1 ("Scope Clarification"); Customs Info. Exch. Notification, Petroleum Wax Candles from the People's Republic of China - Antidumping - A-570-504, CIE N-212/85 (Sept. 21, 1987).

In November 2000, SFCC requested that Commerce issue a scope ruling as to twelve candles.[1] See Letter from San Francisco Candle Company to Sean Carey, Dep't of Commerce, Int'l Trade Admin., Antidumping and Countervailing Enforcement Group III (Nov. 17, 2000), Compl. App. I ("Scope Ruling Request"). Commerce found eleven of the twelve candles to be within the scope of the Candles Order.[2] See Final Scope Ruling; Antidumping Duty Order on

---

[1] SFCC submitted the following twelve candles for review in its Scope Ruling Request:

1.   Christmas Holly Leaf with Berries Candy Cane Pillar (Item No. 03433)
2.   Santa Claus Motif Candy Cane Pillar (Item. No. 13403)
3.   Christmas Tree with Star Candy Cane Pillar (Item. No. 73633)
4.   Christmas Holly Leaf Pillar (Item No. 83136)
5.   Christmas Sock Pillar (Item No. 83036)
6.   Santa Claus Pillar (Item No. 82936)
7.   Carved Christmas Tree with Star Pillar (Item No. 64904)
8.   Santa Claus Candy Cane Column (Item No. 00016)
9.   Christmas Holly Leaf with Berries Candy Cane Column (Item No. 00016)
10.  Christmas Tree with Star Candy Cane Column (Item No. 00016)
11.  Christmas Holly Leaf with Berries Pillar (Item No. 166406)
12.  Christmas Patchwork Pillar and Christmas Patchwork Square (Item No. 15736)

The opinion will refer to the candles by the assigned numbers 1-12.

[2] Commerce found Candle 7, the Carved Christmas Tree with Star Pillar (Item No. 64904), to be outside the scope of the Order. This is a white candle decorated with gold images of Christmas

Petroleum Wax Candles from the People's Republic of China, (A-570-504); SFCC at 4-7 (Feb. 12, 2001) ("Final Scope Ruling"), Compl. App. III.

SFCC appeals the results of the Final Scope Ruling pursuant to 28 U.S.C. § 1581(c), claiming that all of the candles submitted in the Scope Ruling Request are novelty candles that fall outside the scope of the Candles Order. SFCC also submits for review the Christmas Patchwork Square, which Commerce did not address in its Final Scope Ruling,[3] and two candles that were not presented to Commerce in the Scope Ruling Request.[4] See Pl.'s Mem. Supp. Mot. J. Agency R. at 32 ("Pl.'s Mem."); Scope Ruling Request, Compl. App. I. Defendant asserts that candles 2, 3, 5, 6, 8, and 10 were correctly found to be within the scope of the Candles Order, and requests that candles 1, 4, 9, 11, and 12 be remanded for reconsideration by Commerce. See Def.'s Resp. Pl.'s Mot. J. Agency

_____

trees. Commerce held that the image is clearly identifiable as a Christmas tree, which is specific to the Christmas holiday; that the design is viewable from most angles; and that its removal would cause significant damage to the candle. This candle is not at issue here.

[3] The twelfth candle listed in the Scope Ruling Request is a Christmas Patchwork design available as a 3 in. x 6 in. pillar and a 3 in. x 3 in. cube. In its Final Scope Ruling, Commerce addressed the Christmas Patchwork Pillar but made no determination as to the Christmas Patchwork Square. See Scope Ruling Request, Compl. App. I ¶ 12; Final Scope Ruling at 7, Compl. App. III.

[4] These are the Moonlite Candy Cane candles (Item No. 213649), available in two color combinations: red, white, and green, or red and white.

R. at 2-3 ("Def.'s Resp.").

## Standard of Review

This Court will uphold an agency determination unless it is "unsupported by substantial evidence on the record or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(I) (2000). Substantial evidence is "something less than the weight of the evidence," Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966), but is  "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The possibility of drawing two inconsistent conclusions from the same evidence does not mean that the agency's finding is unsupported by substantial evidence, see Consolo, 383 U.S. at 620, and this court "may not substitute its judgment for that of the [agency] when the choice is 'between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" Timken Co. v. United States, slip op. 02-38 at 5-6 (CIT Apr. 22, 2002) (internal citations omitted).

## Discussion

### I. Scope Determinations

Commerce has inherent authority to define and clarify the scope of an antidumping duty investigation.  See Koyo Seiko Co.,

Ltd. v. United States, 17 CIT 1076, 1078, 834 F. Supp. 1401, 1403 (1993), aff'd, 31 F.3d 1177 (Fed. Cir. 1994). However, "while [Commerce] may interpret those orders, it may not change them." Ericsson GE Mobile Communication, Inc. v. United States, 60 F.3d 778, 782 (Fed. Cir. 1995) (citing Smith Corona Corp. v. United States, 915 F.2d 683, 686 (Fed. Cir. 1990)).

In determining whether a product falls within the scope of an order, Commerce looks to "[t]he descriptions of the merchandise contained in the petition, the initial investigation, and the determinations of the Secretary (including prior scope determinations) and the Commission." 19 C.F.R. § 351.225(k)(1) (2000). If the descriptions are dispositive, Commerce must issue the scope ruling based on this information alone. See id. at § 351.225(k)(2); Nitta Indus. Corp. v. United States, 997 F.2d 1459, 1461 (Fed. Cir. 1993).[5]

## II. The Candles Order

---

[5] If a determination cannot be made using only the descriptions, Commerce initiates a scope inquiry and considers the following five factors: "(i) [t]he physical characteristics of the product; (ii) [t]he expectations of the ultimate purchasers; (iii) [t]he ultimate use of the product; (iv) [t]he channels of trade in which the product is sold; and (v) [t]he manner in which the product is advertised and displayed." 19 C.F.R. § 351.225(k)(2); see also Diversified Prods. Corp. v. United States, 6 CIT 155, 162, 572 F. Supp. 883, 889 (1983). In the instant case, the criteria of 19 C.F.R. § 351.225(k)(1) are dispositive. As Commerce concluded, no consideration of the criteria 19 C.F.R. § 351.225(k)(2) was required.

In making a scope determination under the Candles Order, Commerce first determines whether the candle is in a shape covered by the Order.  If so, Commerce then considers whether the candle may be excluded from the Order as a novelty candle.[6]  Among the excluded novelty candles are holiday candles, including Christmas candles.

In analyzing holiday novelty candles, including Christmas candles, Commerce asks whether the candle is specially designed for use only in connection with a specific holiday or event.  Under the Scope Clarification, Christmas candles must be "specially designed for use only in connection with the Christmas holiday season," and this use must be "clearly indicated by Christmas scenes or symbols depicted in the candle design."  Scope Clarification, Pl.'s Ex. 4 at 1.  Prior scope rulings indicate that in order to qualify a candle for exclusion, a holiday design must be easily recognizable as a specific holiday image.

---

[6] As noted earlier, the Candles Order excludes the following as novelty candles:
    a)    "Christmas novelty candles . . . specially designed for use only in connection with the Christmas holiday season.  This use is clearly indicated by Christmas scenes or symbols depicted in the candle design;"
    b)    "Candles having scenes or symbols of other occasions (e.g., religious holidays or special events) depicted in their designs;"
    c)    "Figurine candles;" and
    d)    "Candles shaped in the form of identifiable objects, (e.g. animals or numerals)."

Scope Clarification, Pl.'s Ex. 4 at 1.

If a candle is found to be specially designed for use only in connection with a specific holiday or event, Commerce then determines whether the decorations can be removed without damaging the candle. See Final Scope Ruling, Endar Corp. at 4 (July 7, 2000) (explaining Commerce's three-step analysis of holiday novelty candles); see also Final Scope Ruling, Am. Greetings Corp. at 6 (May 4, 2000) (stating that Commerce will analyze whether a decoration may be easily removed only after first determining that the candle qualifies as a holiday novelty candle); Final Scope Ruling, Hallmark Cards, Inc. at 2 (Sept. 30, 1993) (finding a candle outside the scope of the Order because an engraved poem entitled "Our Wedding" limited its use to weddings and could not be removed without damaging the candle). If a candle's design is specific to a particular holiday or event but is not easily recognizable or is easily removed without damaging the candle, Commerce may still find the candle to be within the scope of the Order.

The holiday novelty exclusion is defined narrowly. See Russ Berrie & Co., Inc. v. United States, 23 CIT 429, 440, 57 F. Supp. 2d 1184, 1194 (1999); Final Scope Ruling, Endar Corp. at 5 (July 7, 2000). Decorative images must be specific to the holiday; generic and seasonal designs are not grounds for exclusion. See, e.g., Final Scope Ruling, Endar Corp. at 4 (July 7, 2000) ("Candles bearing designs or symbols of a general seasonal nature, for

example, have not warranted exclusion as holiday novelty candles."); Final Scope Ruling, Am. Greetings Corp. at 8 (May 4, 2000) (candles decorated with snowflakes are seasonal and therefore do not qualify as holiday novelty candles); Final Scope Ruling, Kohl's Dep't Stores, Inc., Def.-Int.'s Ex. 14 at 4 (Aug. 24, 1998) (candle decorated with cherubs, rope, flowers, and vines was within the scope of the Order because these decorations did not symbolize any particular holiday). Nor will colors alone qualify a candle for exclusion. See, e.g., Springwater Cookie & Confections, Inc. v. United States, 20 CIT 1192, 1197 (1996) ("[C]olors per se will not exempt a candle from the scope of the antidumping order."); Final Scope Ruling, Institutional Financing Services and Hallmark Cards, Inc., Def.-Int.'s Ex. 12 at 3-4 (Apr. 9, 1997) (red and white rounds resembling a peppermint candy were within the scope of the Order). However, Commerce considers all of the characteristics of the candle in combination, and colors and designs that may be insufficient bases for exclusion when considered individually may qualify a candle for exclusion when considered together. See, e.g., Springwater, 20 CIT at 1195-96; Final Scope Ruling, Endar Corp., Def.-Int.'s Ex. 9 at 4 (Apr. 7, 1999) ("[B]ecause the design and color combination of this candle (pine cones bunched in the center of green pine branches against a red background) is associated with Christmas, we find that [this candle] qualifies for the holiday novelty candle exclusion."); see also Final Scope

Ruling, Success Sales, Inc., Pl.'s Ex. 6 at 3-5 (July 27, 1994) (A

packaged set of three candles was found to be a holiday novelty

item where two of the three candles were holiday novelty candles,

the packaging was labeled "Holiday Pillar Candles," and the set was

marketed during the Christmas season); Final Scope Ruling,

Cherrydale Farms Confections at 2-4 (Sept. 9, 1993) (A packaged set

of two candles was found to be an excluded holiday novelty item

where the candles used bayberry scent and red coloring, one candle

was a holiday novelty candle, the non-novelty candle depicted a

winter scene, and the packaging was labeled "Holiday Candles.").


## III. The Scope Ruling

## A. Defendant's Remand Request

As a preliminary matter, the Court notes Defendant's request

for the remand of candles 1, 4, 9, 11, and 12 to the Department of

Commerce for reconsideration.[7]    See Def.'s Resp. at 3.    The

---

[7] The following candles are included in Defendant's remand
request:
1. Christmas Holly Leaf Candle with Berries Candy Cane Pillar
(Item No. 03433)
     This candle has red and white diagonal stripes on its sides
and a holly leaf and berry design imprinted into its flat top
surface.  Commerce found this candle to be within the scope of
the Order, maintaining that (a) the holly leaf and berry pattern
is "generic to the winter season" and is not specific to
Christmas; (b) the design on the top surface would quickly melt;
and (c) red and white striped "candy cane" candles are not
eligible for the holiday novelty exception (citing Final Scope
Ruling, Institutional Financing Services and Hallmark Cards,
Def.-Int.'s Ex. 12 at 4 (Apr. 9, 1997)).  Final Scope Ruling at 4
¶ 1, Compl. App. III.

decorative patterns on these candles include holly leaf and berry designs that Commerce determined to be "generic to the winter season" and therefore ineligible for exclusion from the Candles Order as holiday novelty candles.  See Final Scope Ruling at 4-7 ¶¶ 1, 4, 9, 11, 12, Compl. App. III.  This determination is contrary to Springwater, 20 CIT at 1195-96, which stated that holly sprigs are "symbols associated with Christmas," and to Candles Order rulings in which Commerce, following Springwater, concluded that

---

4. Christmas Holly Leaf Pillar (Item No. 83136)
     This dark green candle has a holly leaf and berry design drawn in white on one side.  Commerce found this candle to be within the scope of the Candles Order, ruling that the holly leaf and berry design is "generic to the winter season" and "does not meet the specificity requirements to render a particular candle exempt under of the holiday novelty exemption."  Id. at 5 ¶ 4.

9. Christmas Holly Leaf with Berries Candy Cane Column (Item No. 00016)
     This candle is decorated with red, white and green diagonal stripes along its length and a small holly leaf and berry image on one side.  Commerce ruled that this candle was within the scope of the Candles Order on the sole ground that the holly leaf and berry motif is not specific to Christmas.  Id. at 6 ¶ 9.

11. Christmas Holly Leaf with Berries Pillar (Item No. 166406)
     The body of this red candle is covered with a raised holly leaf and berry design.  Commerce found this candle to be within the scope of the Order on the ground that the holly leaf and berry design is "generic to the winter season" and not specific to the Christmas holiday.  Id. at 6 ¶ 11.

12. Christmas Patchwork Pillar (Item No. 15736)
     This candle is decorated with a variety of small images, including holly leaves and berries, candy canes, evergreen trees, snow-covered houses, cardinals, stars, reindeer, and multicolored patchwork designs. Commerce ruled that none of the images were "solely specific to the Christmas holiday" and found the candle to be within the scope of the Order.  Id. at 7 ¶ 12.

the holly leaf and berry design is a symbol of Christmas that qualifies a candle for the holiday novelty exception.  See Final Scope Ruling, Avon Products, Inc., Def.-Int.'s Ex. 6 at 4 (May 8, 2001); Final Scope Ruling, Dollar Tree Stores, Inc. at 2-3 (Apr. 9, 1997).

Although Commerce is authorized to alter its prior practice, it must demonstrate that a decision to do so is supported by substantial evidence and in accordance with law.  See Asociacion Colombiana de Exportadores de Flores v. United States, 22 CIT 173, 184-85, 6 F. Supp. 2d 865, 879-80 (1998) ("Commerce has the flexibility to change its position providing that it explain the basis for its change and providing that the explanation is in accordance with law and supported by substantial evidence.").  Therefore, the Court will grant the defendant's request and remand candles 1, 4, 9, 11, and 12 to Commerce for reconsideration.  The Court further directs Commerce to consider both the cube and pillar versions of candle 12, the Christmas Patchwork candle, in its remand determination.

**B. SFCC's Moonlite Candles**

Plaintiff includes in its motion two Moonlite Candles (Item No. 213649) that were not submitted to Commerce in the Scope Ruling Request.  See Compl. at 8 ¶ 31; Scope Ruling Request, Compl. App. I; Pl.'s Mem. at 32.  Absent an agency determination, there is no basis for this Court to exercise jurisdiction in this matter.  See

19 U.S.C. § 1516a(a)(2)(B)(vi); <u>Ericsson GE Mobile Comm., Inc.</u>, 60 F.3d at 783 ("As the agency charged with administering the antidumping duty program, the Commerce Department is responsible for interpreting the antidumping duty order and determining whether certain products fall within the scope of the order as interpreted.").  As Commerce has not had the opportunity to determine whether these candles fall within the scope of the Order, review in this Court is unavailable.

**C.  Commerce's Determinations in the SFCC Final Scope Ruling**

Candles 2, 3, 5, 6, 8, and 10 remain to be considered by the Court.  All are formed in shapes covered by the Order.  Plaintiff claims that they should be excluded from the scope of the Order as Christmas novelty candles.

As the agency acknowledged, these candles are decorated with Christmas-specific images, including Santa Claus, Christmas trees, and Christmas stockings.  Commerce nevertheless found the candles to be within the scope of the Order, reasoning that: (1) designs were not visible from most or all angles; (2) designs would quickly burn away when the candle was lit; (3) designs were "minimally decorative;" and (4) designs were not easily recognizable as holiday images.  <u>See</u> Final Scope Ruling at 5-6 ¶¶ 2, 3, 5, 6, 8, 10, Compl. App. III.  The Court will address Commerce's analysis of each of these candles.

**1. Candles 2 and 3**

Candle 2, the Santa Claus Motif Candy Cane Pillar (Item No. 13403), is decorated with red and white diagonal stripes on its sides and an image of Santa Claus imprinted into the top surface. Similarly, candle 3, the Christmas Tree with Star Candy Cane Pillar (Item No. 73633), has red, white, and green diagonal stripes on its sides and an image of a Christmas tree with a star imprinted into the top surface. Commerce ruled that although the Santa Claus and Christmas tree images are specific to Christmas, the designs are "only discernable when viewed from above," rather than visible from multiple angles, and "would soon melt away once the candle is lit." Id. at 5 ¶¶ 2, 3. In both instances, Commerce further asserted that "a minimally decorative design that does not make the product easily identifiable as a novelty candle is not grounds for excluding an item from the Order." Id. (citing Final Scope Ruling, Endar Corp. at 6 (Jan. 10, 2000)). The Court will consider each of these reasons in turn.

### a. The Design Is Not Visible from Multiple Angles

Whether a design may be seen from multiple angles has been a regular feature of rulings involving candles formed in the shape of identifiable objects. Commerce has determined that candles are within the scope of the Order where a shape is not clearly identifiable as that of a particular object, or is not identifiable when viewed from multiple angles. See, e.g., Final Scope Ruling, Meijer, Inc., Def.-Int.'s Ex. 8 at 6-7 (Sept. 30, 1999) ("Star

Candle" was within the scope of the Order because it was not clearly identifiable as a star or other object when viewed from all sides); Final Scope Ruling, Endar Corp., Def.-Int.'s Ex. 9 at 3-4, 6 (Apr. 7, 1999) ("Gold 5" High Holiday Candle" found within the scope of the Order because it was not clearly identifiable as a star or other object; however, the "Christmas Star Candle" was outside the scope of the Order because it was clearly identifiable as a star when viewed from all sides).

Rulings addressing holiday novelty candles, however, have not previously required that a design be visible from multiple angles. See Final Scope Ruling, Meijer Inc. at 4 (Dec. 15, 1997) (finding a candle embossed with the word "Noel" to be a Christmas novelty candle without addressing the issue of visibility from multiple angles); Final Scope Ruling, Enesco Corp. at 3 (Oct. 30. 1996) (finding four candles decorated with raised Christmas scenes to be outside the scope of the Order without addressing visibility of the design); Final Scope Ruling, Watkins, Inc. at 2 (Feb. 14, 1995) (ruling that a raised relief Christmas design "clearly limit[s] this candle for use in connection with the Christmas holiday season," without addressing visibility from multiple angles); Final Scope Ruling, Hallmark Cards, Inc. at 2 (Sept. 30, 1993) (finding a candle engraved with a poem entitled "Our Wedding" outside the scope of the Order because the poem limited its use to weddings and could not be removed without damaging the candle. The design's

visibility from multiple angles was not addressed.). Commerce's holiday novelty analysis, explained in Final Scope Ruling, Endar Corp. at 4 (July 7, 2000), does not address the issue of the design's visibility from multiple angles.

Furthermore, a requirement of visibility from multiple angles conflicts with several earlier Candles Order rulings in which Commerce concluded that holiday designs on the lids of wax-filled containers qualified candles for the holiday novelty exception. See Final Scope Ruling, Kohl's Dep't Stores, Inc., Def.-Int.'s Ex. 14 at 6 (Aug. 24, 1998) (ruling that a wax-filled container with a Christmas print on the lid was a Christmas novelty candle and was outside the scope of the Order); Final Scope Ruling, Cherrydale Farms Confections at 3 (Sept. 3, 1993) (ruling that a wax filled container with a print titled "Bringing Home the Christmas Tree" on its lid was "limit[ed] . . . to use for Christmas" and was therefore a novelty candle excluded from the scope of the Order); Final Scope Ruling, Primark Int'l § 3 (June 9, 1993) (ruling that a wax-filled container with an image of Santa Claus and reindeer on the lid was a Christmas novelty candle and was excluded from the scope of the Order). A container lid is on top of the candle and must be removed entirely prior to use. A design on the lid is not visible either from multiple angles or when the candle is used. Thus, a requirement that a design be visible from multiple angles

appears inconsistent with the determination that a design on top of a container lid may exclude a candle from the scope of the Order.

In another context, Commerce has found that designs molded on top of candles and designs that are recognizable only from the top are not grounds for exclusion from the scope of the Order. See, e.g., Final Scope Ruling, Cherrydale Farms at 4 (Oct. 5, 2000) (finding that an insect shape molded on top of a candle was insufficient to exclude it from the scope of the Order); Final Scope Ruling, Endar Corp., Def.-Int.'s Ex. 11 at 5 (Jan. 10, 2000) (suggesting that impression of a dragonfly, visible only from the top, would not be sufficient to grant exclusion as a novelty candle. The candle was nevertheless excluded because it was formed in a shape not covered by the Order.). These rulings involved candles formed in the shapes of identifiable objects, however, and Commerce has not previously applied this reasoning to holiday novelty candles. Moreover, like the requirement of visibility from multiple angles, a determination that a holiday design on top of a candle is an insufficient basis for exclusion also appears to conflict with the earlier determinations that holiday designs on the lids of wax-filled containers are sufficient grounds for exclusion. See Final Scope Ruling, Kohl's Dep't Stores, Inc., Def.-Int.'s Ex. 14 at 6 (Aug. 24, 1998); Final Scope Ruling, Cherrydale Farms Confections at 3 (Sept. 3, 1993); Final Scope Ruling, Primark Int'l § 3 (June 9, 1993).

An interpretation of the Scope Clarification to require a Christmas design to be visible from multiple angles represents a change from Commerce's prior practice. Yet here, Commerce offered no explanation as to why the interpretation is correct or why Commerce altered its practice. Accordingly, the determination is not in accordance with law.

### b. The Design Would Quickly Burn or Melt Away

As noted above, Commerce based its determination partly on the conclusion that the Santa Claus and Christmas tree designs imprinted into the top surfaces of candles 2 and 3 would quickly melt away when the candles were lit. See Final Scope Ruling at 5 ¶¶ 2,3, Compl. App. III. Commerce has consistently ruled that a novelty candle may still fall within the scope of the Order if the figurine or other decoration that qualifies the candle for novelty status may be easily removed without damaging the candle. See, e.g., Final Scope Ruling, Meijer, Inc. at 5 (June 11, 1998) (candle found outside the scope of the Order where an attached chick figurine could not be removed without damaging the candle); Final Scope Ruling, Two's Company, Inc., Def.-Int.'s Ex. 5 at 4 (Jan. 13, 1995) (candle with attached gold angel figurine was outside the scope of the Order because the figurine could not be removed without damaging the candle).

However, Commerce has not previously determined that a candle is within the scope of the Order because a design would quickly

burn or melt away.  Moreover, the burning or melting of a design is not equivalent to the easy removal of a figurine or decoration. First, burning or melting a design cannot be achieved without damage to the candle.  Second, the question of burning or melting the design requires consideration of the candle's characteristics after consumption, while the question of easy removal of a decoration considers the candle's characteristics prior to consumption.  Prior rulings indicate that in determining whether merchandise falls within the scope of an antidumping order, Commerce looks to the condition of merchandise at the time of importation or purchase by the consumer, not at the time of consumption.  See, e.g., Final Scope Ruling, Russ Berrie, Inc. at 4 (Sept. 25, 1997) ("The issue before the Department . . . is not the disposition of the container after the candle is consumed but, rather, the wax-filled container en toto as it is imported into the United States."); Final Scope Ruling, Candles by Finesse at 3 (Mar. 18, 1992) (Spiral candle which left behind a wax sculpture as it burned was within the scope of the Order because "at the time of purchase, [the candle] is not distinguishable in appearance from other spiral candles subject to the Order.").  Accordingly, this basis for Commerce's decision is not in accordance with law.

c. The "Minimally Decorative" Standard

Commerce characterized the designs on candles 2 and 3, and others discussed infra, as "minimally decorative."  See Final Scope

Ruling at 5 ¶¶ 2, 3, Compl. App. III.  The term "minimally decorative" is taken from Commerce's Final Scope Ruling, Endar Corp., Def.-Int.'s Ex. 11 (Jan. 10, 2000), in which Commerce ruled that a candle with a bamboo design that incorporated only one characteristic knot and ribbed joint was not formed in the shape of an identifiable object, and was therefore within the scope of the Order.  Commerce stated that "the center joint is only slightly raised and not easily discernable, and the single knot is not visible from all sides.  Therefore, . . . the minimal decorative design does not make this candle easily identifiable as bamboo." Final Scope Ruling, Endar Corp., Def.-Int.'s Ex. 11 at 6 (Jan. 10, 2000).

Endar may be interpreted to promulgate a two-prong standard which asks, first, whether the design is easily discernable, and second, whether it is visible from all sides.  The first element of this "minimally decorative" standard appears to correspond to an inquiry used in the holiday novelty analysis: whether the design is easily recognizable as a holiday image.  See Final Scope Ruling, Endar Corp. at 4-5 (July 7, 2000); Final Scope Ruling, Midwest of Cannon Falls, Inc. at 3 (Oct. 30, 1996); Final Scope Ruling, Enesco Corp. at 3 (Oct. 30, 1996); Final Scope Ruling, Kohl's Dep't Stores, Inc., Def.-Int.'s Ex. 14 at 6 (Aug. 24, 1998).  The second element, however, asks whether the decoration is visible from multiple angles.  As discussed above, this inquiry has not

previously been applied to holiday novelty candles.  See supra text
at pp. 14-18.  Absent further explanation, this Court is unable to
determine that its use is supported by substantial evidence and in
accordance with law.  Commerce is therefore directed to evaluate
the applicability of this standard to holiday novelty candles.

Assuming, arguendo, that the Endar ruling promulgates a two-
part standard that may be applied to holiday novelty candles,
Commerce's application of that standard in the instant case is
flawed.  In Endar, Commerce drew its conclusion that the candle was
minimally decorated after a two-step inquiry.  In the instant
ruling, in contrast, the statement that the design is minimally
decorative is simply an assertion, rather than a conclusion derived
from examination of the candle's characteristics.[8]  In addressing
candle 2, the Santa Claus Motif Candy Cane Pillar, Commerce stated,

> While the Santa Claus image is specific to the Christmas
> holiday, it is only discernable when viewed from above
> and would soon melt away once the candle is lit.  In a
> previous scope ruling, the Department found that a
> minimally decorative design that does not make the
> product easily identifiable as a novelty candle is not
> grounds for excluding an item from the Order.

Final Scope Ruling at 5 ¶ 2, Compl. App. III.  This statement does
not demonstrate a clear analysis under the two criteria of Endar.
Although the mention of the Santa Claus image implies that the

_____

[8] The standard was similarly applied with respect to candles 2, 3,
5, 6, 8, and 10.  The analysis discussed here is applicable to
all of these candles.

design is recognizable, and the statement notes that the design is visible only from above, rather than from multiple angles, the decision that the design is minimally decorative, if it is based on any analysis at all, is based partly on a third criterion not found in Endar: whether the design will quickly melt.

Similarly, in its analysis of another candle, Commerce said that "[w]hile the image of Santa Claus is specific to the Christmas holiday, this particular ornamentation is only minimally decorative and not viewable from most angles, and therefore is not grounds for excluding this item from the scope of the Order." Id. at 6 ¶ 8. Here, the visibility of the design is mentioned only after describing the candle's design as "minimally decorative." The description of the candle as "minimally decorative" is itself merely an assertion.

In summary, Commerce must determine whether the term "minimally decorative" refers to a two-element standard that is applicable to holiday novelty candles. If so, Commerce must apply the standard in an appropriate manner, "articulat[ing a] rational connection between the facts found and the choice made." Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962).

d. The Combined Effect of Colors and Holiday Design

The Court notes that Commerce omitted any discussion of whether the combination of color patterns and holiday images might

bring these candles within the holiday novelty exception. As previously discussed, see supra text at pp. 9-10, decorations that provide insufficient grounds for exclusion when considered individually may be sufficient to exclude a candle from the scope of the Order when considered in combination. See Springwater, 20 CIT at 1195-96; Final Scope Ruling, Endar Corp., Def.-Int.'s Ex. 9 at 4 (Apr. 7, 1999). Here, Commerce should evaluate whether the combination of red, white, and green colors, the pattern of diagonal stripes, and the holiday-specific designs may be sufficient to find that these candles are "specially designed for use only in connection with the Christmas holiday season." Scope Clarification, Pl.'s Ex. 4 at 1.

### e. Conclusion

In accordance with the comments above, Commerce should evaluate whether the requirement of visibility from multiple angles and the related "minimally decorative" standard are properly applicable to candles 2 and 3. Absent some further explanation, Commerce should omit consideration of whether a design would easily burn or melt away, as this is not in accordance with law. Finally, if Commerce determines that the individual decorative characteristics of these candles do not qualify for the holiday novelty exclusion, the agency should assess whether the combined effect of the decorations removes these candles from the scope of the Candles Order.

### 2. Candles 5, 8, and 10

Candle 5, the Christmas Sock Pillar (Item No. 83036) is a white candle with an image of a stocking drawn in red on one side. Candle 8, the Santa Claus Candy Cane Column (Item No. 00016), has red and white diagonal stripes along the body of the candle and a small image of Santa Claus visible on one side. Similarly, candle 10, the Christmas Tree with Star Candy Cane Column (Item No. 00016), has red, white and green diagonal stripes along the body of the candle and a small image of a Christmas tree with a star on one side.

Although Commerce ruled that the Christmas stocking, Santa Claus, and Christmas tree images are specific to the Christmas holiday, all three of these candles were found within the scope of the Order on the grounds that the designs were not visible from most angles and were minimally decorative. See Final Scope Ruling at 5-6 ¶¶ 5, 8, 10, Compl. App. III.

As with candles 2 and 3, Commerce must evaluate whether the requirement of visibility from multiple angles and the "minimally decorative" standard are properly applied to holiday novelty candles. Additionally, Commerce should assess whether the combinations of colors, patterns, and Christmas images render these candles "specially designed for use only in connection with the Christmas holiday season." Scope Clarification, Pl.'s Ex. 4 at 1.

### 3. Candle 6

Candle 6, the Santa Claus Pillar (Item No. 82936), is a red candle with a silhouette drawn in white on one side.  As with the previous three candles, Commerce held that the design was "minimally decorative" and was not easily viewable from most perspectives.  Here, however, Commerce's determination that the candle falls within the scope of the Order rested primarily on the finding that the Santa Claus image is not easily recognizable.

Commerce has previously withheld novelty candle status on the grounds that the decorative design is not identifiable or easily recognizable as a holiday image.  See, e.g., Final Scope Ruling, Endar Corp. at 6 (July 7, 2000) (ruling that candle decorations that were not recognizable as Christmas trees or holly bushes did not qualify for holiday novelty exception); Final Scope Ruling, Midwest of Cannon Falls, Inc. at 3 (Oct. 30, 1996) (ruling that Easter taper candle decorated with Easter eggs was within the scope of the Order because the decoration was not readily identifiable as eggs); cf. Final Scope Ruling, Kohl's Dep't Stores, Inc., Def.-Int.'s Ex. 14 at 6 (Aug. 24, 1998) (finding a wax-filled container to be outside the scope of the Order because the print on the container's lid was "clearly intended to represent Christmas carolers"); Final Scope Ruling, Enesco Corp. at 3 (Oct. 30, 1996) (ruling that four candles were outside the scope of the Order because they "are designed for use only in connection with the

Christmas holiday season" and "each candle's design contains identifiable features commonly associated with the Christmas season"). Such a requirement is in accordance with the terms of the Scope Clarification, which requires a Christmas novelty candle's holiday use to be "<u>clearly indicated</u> by Christmas scenes or symbols depicted in the candle design." Scope Clarification, Pl.'s Ex. 4 at 1 [emphasis supplied].

The design on candle 6 is an undetailed sketch composed of curving lines. Commerce found the design to be "a stylized outline of what appears to be a head and shoulders." Final Scope Ruling at 5 ¶ 6, Compl. App. III. After viewing the candle, we conclude that Commerce's finding is a reasonable construction of the evidence. Accordingly, Commerce's determination that the design is not easily recognizable as Santa Claus is supported by substantial evidence. As the lack of clarity in the design is sufficient to deny holiday novelty status, the Court does not reach the application of the "viewable from multiple angles" and "minimally decorative" standards in this instance.

## Conclusion

Commerce should reconsider and clarify its reasoning with regard to the subject candles. Pursuant to Defendant's request, candles 1, 4, 9, 11, and 12 are remanded to Commerce for reconsideration. Candles 2, 3, 5, 8, and 10 are remanded to Commerce for further proceedings consistent with this opinion. The

determination of the Department of Commerce as to candle 6, the Santa Claus Pillar (Item. No. 82936), is affirmed.  Plaintiff's claim regarding the Moonlite Candles (Item No. 213649) is dismissed for lack of jurisdiction.


_____
Donald C. Pogue
Judge


Dated:    May ___, 2002
          New York, New York