**SAN FRANCISCO CANDLE COMPANY, INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee,**

and

**National Candle Association, Defendant–Appellee.**

No. 03–1492.

United States Court of Appeals, Federal Circuit.

DECIDED: June 21, 2004.

Arthur K. Purcell, Principal Attorney, Sandler, Travis, New York, NY, Philip S.

Gallas, Ronald W. Gerdes, Gregory S. Menegaz, Of Counsel, Sandler, Travis, Washington, DC, for Plaintiff–Appellant.

Randolph J. Stayin, Principal Attorney, Karen A. McGee, Of Counsel, Barnes & Thornburg, Reginald T. Blades, Jr., Principal Attorney, David M. Cohen, Of Counsel, Department of Justice, Arthur D. Sidney, Of Counsel, Department of Commerce, Washington, DC, for Defendant–Appellee.

Before LOURIE, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

After remand, the Court of International Trade reversed-in-part and upheld-in-part the Department of Commerce's (Commerce's) determination that certain candles fell within the scope of an antidumping duty order. *S.F. Candle Co. v. United States*, 265 F.Supp.2d 1374 (Ct. Int'l Trade 2003) (*SFCC II*); *S.F. Candle Co. v. United States*, 206 F.Supp.2d 1304 (Ct. Int'l Trade 2002) (*SFCC I*). San Francisco Candle Co. (SFCC) appeals the decision that certain candles were subject to the antidumping duty order. Because substantial evidence supports the trial court's decision, this court *affirms*.

I.

In 1985, the National Candle Association (NCA) petitioned Commerce to investigate the import of petroleum wax candles from the People's Republic of China. In response, Commerce issued an antidumping duty order (Order) covering "certain scented or unscented petroleum wax candles made from petroleum wax and having fiber or paper-cored wicks ... sold in the following shapes: tapers, spirals, and straight-sided dinner candles; rounds, col-

umns, pillars, votives; and various wax-filled containers." *Antidumping Duty Order: Petroleum Wax Candles from the People's Republic of China*, 51 Fed.Reg. 30,686 (Aug. 26, 1986). Commerce determined that it would apply a weighted-average antidumping duty margin of 54.21 percent.

Commerce, however, excepted some novelty candles, including holiday candles, from the scope of the Order. Commerce explained this exception in a letter to the United States Customs Service:

The Department of Commerce has determined that certain novelty candles, such as Christmas novelty candles, are not within the scope of the antidumping duty order on petroleum-wax candles from the People's Republic of China (PRC). Christmas novelty candles are candles specially designed for use only in connection with the Christmas holiday season. This use is clearly indicated by Christmas scenes and symbols depicted in the candle design. Other novelty candles not within the scope of the order include candles having scenes or symbols of other occasions (e.g., religious holidays or special events) depicted in their designs, figurine candles, and candles shaped in the form of identifiable objects (e.g., animals or numerals).

*Customs Information Exchange*, CIE N–212/85 (Sept. 21, 1987).

Based on its intent to import twelve Christmas candles,[1] SFCC requested in late 2000 that Commerce issue a scope ruling with respect to these candles. In early 2001, Commerce determined, with the exception of candle 7, that its Order covered all candles. *See Final Scope Ruling; Anti-dumping Duty Order on Petro-*

1. Like the trial court, this court identifies each of the relevant candles by the exhibit numbers in the complaint.

*leum Wax Candles from the People's Republic of China,* A–570–504 (Feb. 12, 2001) (*Final Scope Ruling*). On appeal, the Court of International Trade granted Commerce's request for remand to reconsider the application of the Order to candles 1, 4, 9, 11, and 12. *SFCC I,* 206 F.Supp.2d at 1311. The trial court further remanded the case to permit Commerce to reconsider also candles 2, 3, 5, 8, and 10. *Id.* at 1312–17. Lastly, the court affirmed Commerce's determination that candle 6 was within the scope of the Order. *Id.* at 1317. On remand, Commerce determined, with the additional exceptions of candles 1, 3, and 12, that all candles fell within the scope of the Order. Specifically, Commerce determined that the Order applied to candles 2, 4, 5, 8, 9, 10, and 11. Again, SFCC appealed. This time, the trial court affirmed Commerce's determinations, with the exception of candle 2. *SFCC II,* 265 F.Supp.2d at 1383–84. In sum, candles 4, 5, 6, 8, 9, 10, and 11 fell within the scope of the Order, while candles 1, 2, 3, 7, and 12 did not. On appeal to this court, SFCC contests the judgment of the trial court with respect to the seven candles within the scope of the Order.

The following is a brief description of the twelve candles consisting of the seven candles falling within and the five candles not falling within the scope of the Order. Candle 1 is a pillar candle with red and white candy-cane striping. A holly leaf and berry image is printed on the top surface. *SFCC II,* 265 F.Supp.2d at 1380. Candle 2 is a pillar candle with similar candy-cane striping. An image of Santa Claus is printed on the top. *Id.* Candle 3 is a pillar candle with green, red, and white candy-cane striping. A picture of a Christmas tree with star is printed on its top. *Id.* Candle 4 is a pillar candle with a solid dark green color. *Id.* at 1381. A white holly leaf and berry image is sketched on one side. Candle 5 is a pillar

candle with a solid white color. An image of a red Christmas stocking is printed on one side. *Id.* Candle 6 is a pillar candle with a solid red color. A white image, a stylized silhouette that is "Santa Claus," is drawn on one side. *SFCC I,* 206 F.Supp.2d at 1317. Candle 7 is a pillar candle with a solid white color. A gold Christmas tree is carved on four faces of the candle. *Final Scope Ruling,* A–570–504 at 6. Candle 8 is a column candle with red and white candy-cane striping. An image of Santa Claus is printed in a circle on one side. *SFCC II,* 265 F.Supp.2d at 1382. Candle 9 is a column candle with red, white, and green candy-cane striping. An image of a holly leaf with berries is printed on one side. *Id.* Candle 10 is a column candle with red, white, and green candy-cane striping. An image of a Christmas tree with star is printed on one side. *Id.* Candle 11 is a column candle with a solid red color. Numerous raised holly leaves and berries appear throughout the candle. *Id.* at 1382–83. Candle 12 is either a pillar or square candle. A variety of images—including holly leaves and berries, evergreen trees, snow-covered houses, snowflakes, cardinals, stars, reindeers—are printed over the candle in a patchwork design. *Id.* at 1383.

## II.

This court reviews judgments of the Court of International Trade by applying anew the same statutory standard as the trial court. *Micron Tech., Inc. v. United States,* 117 F.3d 1386, 1392–93 (Fed.Cir. 1997). The relevant statute states that "the court shall hold unlawful any determination, finding, or conclusion found … to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1) (2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Even if it is possible to draw two inconsistent conclusions from the evidence in the record, substantial evidence may still support the determination. *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Furthermore, Commerce "enjoys substantial freedom to interpret and clarify its antidumping duty orders. But while it may interpret those orders, it may not change them." *Ericsson GE Mobile Communications, Inc. v. United States*, 60 F.3d 778, 782 (Fed.Cir.1995).

In comparing a candle with the scope of the Order, Commerce examines "[t]he descriptions of the merchandise described in the petition, the initial investigation, and the determinations of the Secretary (including prior scope determinations) and the Commission." 19 C.F.R. § 351.225(k)(1). If the descriptions are dispositive, Commerce issues a scope ruling based on this information alone. 19 C.F.R. § 351.225(k)(2).

As an initial matter, this court notes that all of the candles fall facially within the scope of the Order: each is either a petroleum-wax column or a pillar candle imported from the PRC. To qualify for the novelty exception, each candle must be "specially designed for use *only* in connection with the Christmas holiday season"; the candles must have Christmas scenes and symbols *clearly* indicating their use. *Customs Information Exchange*, CIE N–212/85 (emphasis added). Commerce has interpreted this exception narrowly using a "minimally decorative" test. That is, "in determining whether a design is 'minimally decorative,' the agency considers whether the design is easily seen or is easily discernable, the size of the design relative to the size of the candle, the location of the

design on the candle, and whether the design is located in only one place on the candle." *SFCC II*, 265 F.Supp.2d at 1379. Furthermore, Commerce considers "whether a design is 'identifiable from most angles.'" *Id.* Thus, the trial court summarized:

> Commerce may find a candle design to be "minimally decorative" and therefore within the scope of the Order when the candle's holiday-specific design cannot easily be seen or discerned, when the design is very small in relation to the size of the candle, or when the design is "singularly located" on the candle. Commerce also may find that a holiday candle is within the scope of the Order when its design is not easily recognizable as a holiday-specific image, or when the design is not visible or identifiable from most angles. Commerce evaluates candles on a case-by-case basis, and looks at the totality of the candle's design characteristics in order to assess the combined effects of colors and design patterns.

*Id.* at 1379–80. Applying the above factors (which this court adopts), substantial evidence supports each of Commerce's determinations. In other words, the Court of International Trade correctly affirmed Commerce's application of the novelty-candle exception.

■ Candles 4, 5, and 6 are within the scope of the Order. Candles 4 and 5 have a solid color, allowing use outside the holiday season. In addition, their holiday symbols are "singularly placed," cover a limited portion of the cylinder's circumference, and are not in view from most angles. *SFCC II*, 265 F.Supp.2d at 1381. Moreover, with the "image fac[ing] away" from the viewer, these candles have substantial uses beyond the Christmas holidays. *Id.* Candle 6 has a solid color with "an undetailed sketch composed of curving

lines." *SFCC I*, 206 F.Supp.2d at 1317. Because not easily recognizable, this drawing on the candle does not qualify for the exception. Therefore, substantial evidence supports the trial court's determination that candles 4, 5, and 6 do not fall under the novelty exception to the Order.

■ Candles 8, 9, and 10 also are within the scope of the Order. These three candles have candy-cane striping similar to candles 1, 2, and 3, which would favor a finding that they would qualify for the exception to the Order. But this similarity alone does not mean that candles 8, 9, and 10 are novelty candles within the exception. Rather, candles 8, 9, and 10, are column candles with images that are minimally decorative and not easily recognizable as holiday images from most angles. Indeed, these three candles have small, singularly placed images that are discernable from only one side. *SFCC II*, 265 F.Supp.2d at 1382. Accordingly, substantial evidence supports that trial court's determination that candles 8, 9, and 10 do not fall under the novelty exception to the Order.

■ Candle 11 is also within the scope of the Order. Although the raised holly berry and leaf design appears from all angles, Commerce determined that the candle did not fit within the novelty exception because the "leaves and berries are separated, and it is not clear that the leaves represent holly leaves." *SFCC II*, 265 F.Supp.2d at 1383. Thus, the non-traditional holly and berry motif was not related "specifically to the Christmas holiday season [and] could be used generically throughout the fall or winter season." *Id.* (quoting *Final Results of Remand Redetermination, S.F. Candle Co. v. United States*, CIT No. 01–00088 (Aug. 20, 2002)). Despite SFCC's contention that the trial court arbitrarily limited its artistic license, this court understands the so-called "tradi-

tional" requirement as the same requirement that the holiday symbol be "recognizable" as a holiday-specific image under the "minimally decorative" test. Thus, substantial evidence supports that trial court's determination that candle 11 does not fall under the novelty exception to the Order.

Moreover, because the descriptions of the candles permitted application of the proper legal standards, Commerce was not required to consider additional criteria listed in 19 C.F.R. § 351.225(k)(2). *See Novosteel SA v. United States*, 284 F.3d 1261, 1270–71 (Fed.Cir.2002). The court considers the remainder of SFCC's arguments but finds none persuasive.

### III.

Because substantial evidence supports the trial court's determination that candles 4, 5, 6, 8, 9, 10, and 11 fell within the scope of the Order, this court affirms.